**Devere Andre HALL, Sr., Appellant**

v.

**Joseph GALIE, Sgt.; Jacob Abrokwa, p/o; Calvin Harrison, p/o.**

**No. 08–3233.**

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 2, 2009.

Opinion filed: Dec. 2, 2009.

Devere Andre Hall, Sr., Philadelphia, PA, pro se.

Kelly S. Diffily, Esq., City of Philadelphia Law Department, Philadelphia, PA, for Appellee.

Before: SMITH, FISHER and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Devere Andre Hall, Sr., appeals from various orders the District Court entered during the course of his lawsuit against Appellees. For the following reasons, we will affirm.

In March 2005, Hall filed a pro se civil rights action against the City of Philadelphia, the Philadelphia Police Department, the Police Commissioner, and various police officers. The action stemmed from

---

Hall's arrest following a domestic disturbance. The District Court appointed counsel. After Hall filed an amended complaint and the District Court dismissed several defendants, the case proceeded to trial against Appellees Galie, Abrokwa, and Harrison on claims of excessive force, false arrest, and false imprisonment.

On July 10, 2008, the jury returned a verdict in favor of Hall on one count of unlawful seizure and false imprisonment against Appellee Galie and awarded Hall $5,100. The jury found in favor of Appellees on all the other counts. The District Court entered judgment in accordance with the jury's verdict. Hall filed a timely notice of appeal challenging the District Court's judgment and various orders entered during the discovery process and trial. Hall also filed a motion for counsel, motion for transcripts, and a motion for a polygraph test in this Court. We denied all of Hall's motions.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. On appeal, Hall summarily asserts that "the case was incorrectly adjudicated [and] defendants should be found in violation of everything complainant avered [sic]." (Appellant's Br. at 3.) Appellees argue that Hall's failure to provide the transcript prevents meaningful review of this claim.[1] *See* Fed. R.App. P. 10(b); Third Circuit L.A.R. 11.1. We agree. Hall's vague statements in his informal brief are insufficiently specific to identify what alleged errors occurred at trial or even what aspect of the District Court's orders he wishes to challenge.[2]

We lack any basis to conclude that the District Court abused its discretion. Therefore, we will affirm the District Court's orders and judgment.

---

1. In response to Hall's motion for transcripts, the Clerk entered an order stating that no action will be taken on the motion until Hall filed a statement of issues he wished to raise on appeal. Hall has not complied with the Clerk's order.

2. In his notice of appeal, Hall indicates that he wishes to challenge the District Court's orders numbered 92, 55, 66, and 82 on the docket. Order number 92 is an order dismissing two plaintiffs for failing to appear and amending the case caption. Numbers 55 and 82 are motions in limine filed by Hall and number 66 is a motion in limine filed by Appellees. The District Court disposed of these motions orally and the written order (Docket # 93) does not give reasons for the rulings.